# UNITED STATES DISTRICT COURT
### District of Montana

| UNITED STATES OF AMERICA | **Amended Judgment in a Criminal Case** |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| BILLI ANNE RAINING BIRD MORSETTE | Case No. CR 15-40-GF-BMM-02; CR 15-61-GF-BMM-02 |
| | USM No. 13868-046 |
| | R. Hank Branom |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s)  as listed below  of the term of supervision.

☐ was found in violation of condition(s) count(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 (Mandatory condition) | Use of controlled substance | 03/04/2019 |
| 2 (Special condition) | Failure to participate in substance abuse testing | 02/28/2019 |
| 3 (Special condition) | Failure to participate in substance abuse treatment | 03/19/2019 |
| 4 (Special condition) | Failure to pay restitution | 06/10/2019 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The Court did not adjudicate violation(s)  5 and 6  and defendant is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 8467

Defendant's Year of Birth: 1976

City and State of Defendant's Residence:
Box Elder, MT

10/09/2019
Date of Imposition of Judgment

/s/ Brian Morris
Signature of Judge

Brian Morris, United States District Judge
Name and Title of Judge

10/11/2019
Date

DEFENDANT: BILLI ANNE RAINING BIRD MORSETTE
CASE NUMBER: CR 15-40-GF-BMM-02; CR 15-61-GF-BMM-02

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| 7 (Special condition) | Failure to participate in substance abuse treatment | 06/03/2019 |
| 8 (Special condition) | Failure to participate in substance abuse testing | 05/14/2019 |
| 9 (Special condition) | Failure to abide by curfew | 05/14/2019 |
| 10 (Special condition) | Failure to participate in substance abuse testing | 05/23/2019 |
| 11 (Special condition) | Failure to abide by curfew | 05/21/2019 |

DEFENDANT: BILLI ANNE RAINING BIRD MORSETTE
CASE NUMBER: CR 15-40-GF-BMM-02; CR 15-61-GF-BMM-02

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

*five (5) months. This sentence is to run concurrent in CR-15-61-GF-BMM and CR-15-40-GF-BMM.

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____.
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:  BILLI ANNE RAINING BIRD MORSETTE
CASE NUMBER:  CR 15-40-GF-BMM-02; CR 15-61-GF-BMM-02

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

*31 months, with the first 6 months of supervised release in a residential reentry center. This sentence of supervised release is to run concurrent in CR-15-61-GF-BMM and CR-15-40-GF-BMM.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: BILLI ANNE RAINING BIRD MORSETTE
CASE NUMBER: CR 15-40-GF-BMM-02; CR 15-61-GF-BMM-02

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT: BILLI ANNE RAINING BIRD MORSETTE
CASE NUMBER: CR 15-40-GF-BMM-02; CR 15-61-GF-BMM-02

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall reside in a Residential Reentry Center (RRC) under contract to the United States Bureau of Prisons, in the pre-release component, for the first 6 months. The defendant shall abide by all the rules and regulations of the center and successfully complete any programming as deemed appropriate by the United States Probation Officer.

2. The defendant shall submit her person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The defendant shall allow seizure of suspected contraband for further examination.

3. The defendant shall participate in and successfully complete a program of substance abuse treatment as approved by the United States Probation Office, until the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment, as directed by the United States Probation Office.

4. The defendant shall participate in mental health treatment as deemed necessary by the United States Probation Office, until such time as the defendant is released form the program by the probation office. The defendant is to pay part or all of the cost of this treatment, as determined by the United States Probation Office.

5. The defendant shall participate in substance abuse testing to include not more than 104 urinalysis tests, not more than 104 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. The defendant shall pay all or part of the costs of testing as directed by the United States Probation Office.

6. The defendant shall abstain from the consumption of alcohol and shall not enter establishments where alcohol is the primary item of sale. This condition supersedes standard condition number 7 with respect to alcohol consumption.

7. The defendant will provide the United States Probation Office with any requested financial information and shall incur no new lines of credit without prior written approval of the United States Probation Office.

8. The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

9. While on supervision, the defendant will fulfill all tax obligations in adherence to Internal Revenue Service requirements. The defendant shall not engage in any gambling or wagering activity of any kind, whether online, over the telephone, or in person, and shall not enter any casino or other place of business where gambling is the primary service offered. All employment must be approved in advance in writing by the United States Probation Office. The defendant shall consent to third-party disclosure to any employer or potential employer.

10. The defendant is prohibited from securing employment with fiduciary responsibilities without the approval of the United States Probation Office.

11. The defendant shall not purchase, possess, use, distribute or administer marijuana, or obtain or possess a medical marijuana card or prescription.

12. The defendant shall not possess, ingest or inhale any toxic substances such as, but not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice, that are not manufactured for human consumption, for the purpose of altering the defendant's mental or physical state.

13. The defendant shall pay restitution in the amount of $1,365,253 (CR 15-61). Of that amount $1,200,00 shall be paid to the Chippewa Cree Tribe, and $165,253 shall be paid to the Internal Revenue Service. Defendant's restitution obligation to the Chippewa Cree Tribe is joint and several with co-defendant Neal Rosette and any other defendant deemed responsible in the future. The defendant shall make payments in the rate of $500.00 per month, or as otherwise directed by the United States Probation Office. Payment shall be made to the Clerk, United States District Court, Missouri River Courthouse, 125 Central Ave West, Suite 110, Great Falls, MT 59404, and shall be disbursed to:

Chippewa Cree Tribe     $1,200,00
RR1 Box 544
Box Elder, MT 59521

IRS- RACS               $165,253
Attention: Mail Stop 6261, Restitution
333 West Pershing Avenue
Kansas City, MO 64108

14. The defendant shall pay restitution in the amount of $55,792 (CR 15-40) jointly and severally with co-defendant Neal Rosette and any other defendant deemed responsible in the future. The defendant shall make payments in the rate of $500.00 per month, or as otherwise directed by the United States Probation Office. Payment shall be made to the Clerk, United States District Court, Missouri River Courthouse, 125 Central Ave West, Suite 110, Great Falls, MT 59404, and shall be disbursed to:

Chippewa Cree Tribe   $55,792
RR1 Box 544
Box Elder, MT 59521